FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 02, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:18-CV-05128-JTR <br><br> ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 16. Attorney Cory Brandt represents William M. (Plaintiff); Special Assistant United States Attorney Catherine Escobar represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on March 6, 2014, alleging disability since July 6,

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 1

2013, due to a heart attack with residual symptoms, high blood pressure, high cholesterol, and multiple strokes. Tr. 189-94, 207. The applications were denied initially and upon reconsideration. Tr. 117-25, 128-38. Administrative Law Judge (ALJ) Mary Gallagher Dilley held a hearing on December 6, 2016, Tr. 29-65, and issued an unfavorable decision on August 18, 2017, Tr. 15-23. The Appeals Council denied Plaintiff's request for review on May 24, 2018. Tr. 1-6. The ALJ's August 2017 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 25, 2018. ECF No. 1, 4.

## STATEMENT OF FACTS

Plaintiff was born in 1969 and was 44 years old as of the alleged onset date. Tr. 21. He has a high school education and a two-year degree in business management. Tr. 36-37. He last worked as a truck driver in Oklahoma in 2008. Tr. 37, 208. He quit this job after his wife passed away. Tr. 208. Plaintiff alleged his disability began in July 2013 when he had a heart attack. Tr. 42, 208.

At the hearing, Plaintiff testified his primary barrier to working was his back pain, which limited the amount of time he could walk and sit, and his unpredictable variations in blood pressure, which caused headaches, lightheadedness, fatigue, and visual disturbances, necessitating multiple rest periods throughout the day. Tr. 40, 43-47, 50-51.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is

defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs which the claimant can perform exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

# ADMINISTRATIVE DECISION

On August 23, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 6, 2013, the alleged onset date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: coronary artery disease, lumbar degenerative disc disease, and hypertension. Tr. 17.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 17-18.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform light exertion level work with the following limitations:

> he can stand and walk four hours in an eight at [sic] hour day each. He can sit for two hours in an eight-hour day. He can never climb ladders ropes and scaffolds and can occasionally climb ramps and stairs; he can occasionally balance, stoop, kneel, crouch, and crawl. He must avoid all exposure to extreme heat and vibrations; he can tolerate occasional exposure to extreme cold and unprotected heights; and he can tolerate frequent exposure to moving mechanical parts.

Tr. 18.

At step four, the ALJ found Plaintiff was not able to perform his past relevant work as a cashier, tractor-trailer driver, stock clerk, or poultry farm worker. Tr. 21.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the national economy, including the jobs of

production line solderer; electrical accessories assembler; and agricultural produce sorter. Tr. 22.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from July 6, 2013, the alleged onset date, through the date of the ALJ's decision, August 23, 2017. Tr. 22.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting medical opinion evidence; (2) improperly rejecting Plaintiff's subjective statements and the lay witness statements; and (3) making unsupported step five findings.

## DISCUSSION[1]

### 1. Medical opinion evidence

Plaintiff argues the ALJ erred by failing to properly consider the medical opinion evidence of record. ECF No. 14 at 10-14. Plaintiff specifically asserts the ALJ erred by according "little weight" to the opinions of treating doctors Hipolito and Marcelo, and in rejecting portions of the opinions from consultative examiner Dr. Drenguis and nonexamining consultant Dr. Hurley. *Id.*

---

[1] In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent *Lucia* applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

In a disability proceeding, the courts distinguish among the opinions of three types of acceptable medical sources: treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a nonexamining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830.

In weighing the medical opinion evidence of record, an ALJ must make findings setting forth specific, legitimate reasons for her assessment that are based on substantial evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ must also set forth the reasoning behind his or her decisions in a way that allows for meaningful review. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (finding a clear statement of the agency's reasoning is necessary because the Court can affirm the ALJ's decision to deny benefits only on the grounds invoked by the ALJ).

**A. Drs. Hipolito and Marcelo**

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons; when a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons," based on substantial evidence, to reject the opinion. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes*, 881 F.2d at 751. The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Dr. Hipolito provided a medical source statement on April 5, 2016, stating Plaintiff was capable of no more than sedentary work, would be expected to be off-task 50% of a normal work day, and would be absent four or more days per month. Tr. 432-33. She additionally opined Plaintiff would have limitations on performing postural activities and would need to lie down approximately three to four times during an eight-hour work shift. Tr. 433.

Dr. Hipolito and Dr. Marcelo each submitted a copy of a letter indicating their opinion that Plaintiff's high and low blood pressure events caused symptoms that would prevent him from returning safely to work. Tr. 434, 708. Both doctors deferred further recommendations regarding Plaintiff's ability to work and the duration of his incapacity to his specialist. *Id.*

These opinions are contradicted by other opinions in the record. Tr. 88-97, 407-11, 724-33; thus the ALJ was required to give specific and legitimate reasons supported by substantial evidence for her rejection. The ALJ gave each of the treating doctor opinions little weight due to inconsistency with the medical evidence, including Plaintiff's regular denial of symptoms, good strength on exams, Plaintiff's own reports of greater abilities, no evidence of difficulty focusing, and evidence of Plaintiff's cardiac condition being stable. Tr. 21.

A conflict between treatment notes and a treating provider's opinion may constitute an adequate reason to discredit the opinion of a treating physician. *See Valentine v. Comm'r of Soc. Sec. Admin.,* 574 F.3d 685, 692-93 (9th Cir. 2009) (holding that a conflict with treatment notes is a specific and legitimate reason to reject a treating physician's opinion). Here, however, substantial evidence does not support the ALJ's conclusion that the opinions of Drs. Hipolito and Marcelo were inconsistent with the treatment notes.

The ALJ asserted Plaintiff "regularly denied experiencing any headaches, chest pain, dizziness, or transient weakness." Tr. 21. However, the entire record must be considered in context. While Plaintiff did not present at every medical

appointment with each of the noted symptoms, he endorsed all of them at varying times. *See* Tr. 667 (positive for headache); Tr. 416, 427, 436, 453, 472, 485, 488, 494, 584, 633, 640 (positive for chest pain or tightness); Tr. 472, 482, 626, 660 (positive for dizziness); Tr. 646 (positive for weakness). All symptoms mentioned in the treating doctors' letters appear in the treatment records. Furthermore, Plaintiff testified that he experiences good days and bad days. Tr. 46-47. It is not sufficient for the ALJ to cherry-pick isolated instances where Plaintiff did not report specific symptoms and use those instances to reject the opinions of the treating doctors, who were no doubt familiar with the longitudinal record. The ALJ must read treatment notes "in context of the overall diagnostic picture [drawn by the doctor]." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). Furthermore, "occasional symptom-free periods . . . are not inconsistent with disability." *Lester*, 81 F.3d 821, 833 (9th Cir. 1995).

        The ALJ also stated that she was rejecting the treating doctors' opinions due to Plaintiff demonstrating good strength on examinations. Tr. 21. This is not inconsistent with the doctors' opinions that Plaintiff would be unable to work due to his labile blood pressure.

        The ALJ next stated that little weight was due to the opinion limiting Plaintiff to sedentary work because "the claimant also reported that he could lift up to 25 pounds and walk four miles, which is inconsistent with a limitation to sedentary work." Tr. 21. Dr. Hipolito's opinion applied to Plaintiff's abilities over an eight-hour day on a continuing basis. Tr. 432. The instance referenced by the ALJ of Plaintiff walking four miles was an isolated event during which his vehicle broke down and he had no alternative way to reach home. Tr. 55. This does not constitute substantial evidence to justify rejecting the treating physician's opinion. Similarly, the ALJ unduly emphasized Plaintiff's passing reports of how much weight he could lift: in his adult function report, Plaintiff stated "I have trouble lifting 25 to 30 pounds because it makes my chest hurt." Tr. 224. The physical

consultative exam noted "he states that as a single effort he could lift 50 pounds, but would become markedly fatigued trying to carry that. Twenty-five pounds seems like a more workable weight for him." Tr. 408. Neither of these instances indicate that Plaintiff believed he could lift and carry twenty-five pounds on a regular basis throughout a workday. Therefore, no inconsistency with Dr. Hipolito's opinion exists.

The ALJ further stated that there was no support in the record that Plaintiff had difficulty concentrating that would lead to him being off-task for 50% of a workday. Tr. 21. However, Dr. Hipolito did not indicate in her opinion that time off-task was due to difficulty concentrating; her opinion was based on Plaintiff's coronary artery disease, hypertension, history of strokes, and lumbar radiculopathy. Tr. 433. Symptoms other than impairment in a worker's concentration abilities can lead to time off-task. No inconsistency is present.

Finally, the ALJ rejected Dr. Hipolito's opinion based on the stable nature of Plaintiff's cardiac condition, indicating this meant he would not have absences at the rate opined by Dr. Hipolito. Tr. 21. Dr. Hipolito's own treatment notes indicate that, while Plaintiff's coronary artery disease was "stable," his hypertension was still "uncontrolled." Tr. 679. While both conditions concern the cardiovascular system, they are consistently noted as distinct diagnoses in the treatment records. *See e.g.,* Tr. 436, 471-72, 584, 691. This is consistent with Plaintiff's report at the hearing that his cardiologist indicated the heart itself is stronger, but the fluctuations in his blood pressure still put a strain on it. Tr. 54. Dr. Hipolito and Dr. Marcelo both emphasized Plaintiff's labile blood pressure as the primary basis for their opinions. Tr. 434, 708. The stable nature of one of Plaintiff's conditions does not negate the limitations assessed by his treating doctors to account for another condition.

The Court finds the ALJ failed to provide specific and legitimate reasons for disregarding the opinions of Plaintiff's treating doctors. This matter must be remanded for further consideration of these opinions.

**B. State agency consultant Dr. Hurley**

Plaintiff contends the ALJ failed to give valid reasons for rejecting state agency consultant Dr. Hurley's opinion limiting Plaintiff to standing and walking no more than two hours. ECF No. 14 at 13-14.

The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). Here, the ALJ rejected Dr. Hurley's opinion based on Plaintiff's testimony that "he spends his time talking and can walk for miles" and the fact that the function reports indicated no difficulty with standing. Tr. 20. While Plaintiff's daily activities and his own assertion that he had no difficulty standing could possibly constitute a sufficient basis for rejecting this opinion, this matter must be remanded for additional proceedings regarding the treating doctors, and the ALJ therefore shall also review this opinion again and accord it appropriate weight in light of the rest of the evidence.[2]

**C. Consultative examiner Dr. Drenguis**

Plaintiff argues the ALJ erred in giving little weight to the manipulative limitations assessed by Dr. Drenguis. ECF No. 14 at 13.

Following an August 2014 exam, Dr. Drenguis offered a medical source statement regarding Plaintiff's abilities. Tr. 410-11. Among other limits, he opined Plaintiff "may frequently reach, handle, finger and feel." Tr. 411. The ALJ found the manipulative limitations not well-supported by the exam results, which showed no issues with the extremities. Tr. 20.

---

[2] It is not clear to the Court whether the ALJ meant "walking" or "talking." If the latter, the ALJ should clarify how "talking" was a basis for the rejection.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 10

Any error in this rejection is harmless. Two of the three jobs identified by the vocational expert in the post-hearing interrogatories, production line solderer and electrical accessories assembler, do not require more than frequent reaching, handling, fingering, or feeling. Tr. 290.[3] Those two jobs exist in significant numbers. Tr. 22. Therefore, even if the ALJ had adopted Dr. Drenguis' assessed limitations in full, the outcome would not have changed. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (An error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination.").

However, as this case is being remanded for further proceedings concerning the other medical evidence, the ALJ will reconsider the entire medical record, including Dr. Drenguis' opinion.

**2.     Plaintiff's subjective complaints**

Plaintiff contends the ALJ erred by improperly rejecting his subjective complaints. ECF No. 14 at 14-17.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an

---

[3]The excerpt from the Dictionary of Occupational Titles referenced by the Vocational Expert includes information regarding the physical demands of each occupation, including reaching (RE), handling (HA), fingering (FI) and feeling (FE), with the frequency of the demand for each activity designated as never (N), occasional (O), frequent (F) or constant (C). *See* Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, U.S. Department of Labor, Appendix C (1993).

impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of his alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 19. The ALJ listed the following reasons for finding Plaintiff's subjective complaints not persuasive in this case: (1) Plaintiff had regularly denied experiencing a number of the alleged symptoms; (2) testing indicated that Plaintiff's cardiac condition was stable; (3) exacerbations of his cardiac condition had mostly occurred when Plaintiff stopped taking his medications; (4) the record showed Plaintiff had been able to control his hypertension; (5) Plaintiff continued to smoke cigarettes; (6) Plaintiff's testimony regarding his inability at times to participate in cardiac rehab was inconsistent with the record; and (7) the overall objective findings with respect to Plaintiff's back condition did not support his claim of disability. Tr. 19.

This matter is being remanded for additional proceedings to remedy errors in the ALJ's evaluation of the medical opinion evidence of record. The ALJ shall also evaluate Plaintiff's statements and testimony with the benefit of the reconsidered medical evidence. The ALJ shall reassess what statements, if any, are not consistent with the medical evidence and other evidence in the record, and

what specific evidence undermines those statements. The third-part statements shall be similarly reassessed.

3. **Step five findings**

Plaintiff argues the ALJ erred in her step five determination because the testimony of the vocational expert was based on an incomplete hypothetical stemming from an inaccurate assessment of the medical and other evidence. ECF No. 14 at 17-18.

Considering the case is being remanded for the ALJ to properly address the medical opinion evidence and Plaintiff's subjective symptom testimony, the ALJ will be required to make a new step five determination and call upon a vocational expert to provide testimony.

**CONCLUSION**

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's RFC determination is not supported by substantial evidence in this case and must be reevaluated. On remand, the ALJ shall reassess the medical evidence, specifically the opinions of Drs. Hipolito and Marcelo. The ALJ shall reevaluate Plaintiff's subjective complaints and the testimony of the third-party, formulate a new RFC, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED, IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED May 2, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE